IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PASQUALE NIGRO,

    Petitioner,                   No. 2:12-cv-2954 LKK DAD P

  vs.

R. GROUNDS,                       ORDER AND

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

**BACKGROUND**

        In 2001, petitioner pled no contest in the Solano County Superior Court to twenty-one counts of engaging in lewd or lascivious acts with a minor in violation of California Penal Code § 288. Pursuant to that plea, on February 19, 2002, that court sentenced petitioner to ninety-six years in state prison. The California Court of Appeal for the First Appellate District

1

1  affirmed the judgment of conviction, and the California Supreme Court denied review.
2  Subsequently, the California Supreme Court denied petitioner habeas corpus relief.  (Pet. at 2-4.)

On or about April 5, 2005, petitioner filed a federal petition for writ of habeas corpus in the United States District Court for the Northern District of California challenging his Solano County Superior Court judgment of conviction and sentence.  That court transferred the petition to this court, which had proper venue.  See Case No. 2:05-cv-0712 GEB CHS P (E.D. Cal.).[1]  On December 19, 2008, then-Magistrate Judge Charlene Sorrentino issued findings and recommendations, recommending that the petition for writ of habeas corpus be denied.  On January 21, 2009, District Judge Garland Burrell, Jr., adopted those findings and recommendations in full, denied the petition, and closed the case.  On October 12, 2010, the United States Court of Appeals for the Ninth Circuit affirmed that judgment.

On December 6, 2012, petitioner commenced this action by filing the pending petition in this court.

**ANALYSIS**

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed . . . ."  28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

/////

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

28 U.S.C. § 2244(b)(2). Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

As noted above, the court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same state court conviction and sentence that he now seeks to challenge in this federal habeas proceeding. See Case No. 2:05-cv-0712 GEB CHS P (E.D. Cal.) In that previously-filed habeas action, this court denied petitioner's application for writ of habeas corpus on the merits, and the Ninth Circuit affirmed that judgment.

Petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider a second or successive petition as required to proceed with this habeas action, so this court lacks jurisdiction to entertain the now pending petition. See Burton v. Stewart, 549 U.S. 147, 152 (2007). Accordingly, the instant petition should be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive federal habeas petition.

## CONCLUSION

IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (Doc. No. 5) is granted.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen after being served with these findings and recommendations, petitioner may file written

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: March 18, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
nigr2954.156